HEWITT AND WARD, TRUSTEES, *vs.* THE MONTCLAIR RAILWAY COMPANY and others.

HEWITT *vs.* THE SAME.

1. When a foreclosure suit has proceeded to decree *pro confesso* and order of reference, and the mortgaged premises are then sold, though the purchaser will be admitted as a party defendant, he will not be permitted to answer. He may be present at the taking of the account and avail himself of all the defences which the mortgagor could, after the decree *pro confesso* against him.

2. But when the suit has proceeded to final decree, though the purchaser may be admitted as a defendant, he cannot contest the complainant's claim.

In each of these cases an order to show cause was granted, under circumstances which appear in the opinion of the Chancellor.

*Mr. John Linn,* for petitioner.

*Mr. Cortlandt Parker,* for complainants.

THE CHANCELLOR.

These are suits for the foreclosure and sale of mortgaged premises, the Montclair Railway, its franchises, &c., one on the first, and the other on the second mortgage. The petitioner, William A. Guest, purchased the premises, subject to all prior liens and encumbrances, at the sale made under the order of this court, by trustees appointed in proceedings instituted against the company, under the act "to prevent frauds by incorporated companies." The sale took place after these suits were commenced. In the suit on the second mortgage, a final decree had been entered and execution issued thereon, and the mortgaged premises advertised for sale thereunder, when the petitioner purchased the property. The suit on the

first mortgage had proceeded to interlocutory decree *pro confesso*, with the usual order of reference in such cases. The petitioner asks to be admitted as a defendant to both suits, to the end that he may have an opportunity of contesting the complainant's claims therein. His prayer must be denied as to the suit on the second mortgage. By the final decree in that suit, the railway company and all persons claiming and to claim under them, were foreclosed of all equity of redemption and claim in and to the mortgaged premises, or so much thereof as should be sold under the decree. The petitioner is bound by that decree.

In the suit on the first mortgage he will be admitted as a party defendant. He is bound, however, by all the proceedings in that suit up to the time when he acquired his title; he will, therefore, not be permitted to answer. He may be present at the taking of the account and may avail himself of all defences of which the company could avail themselves, after interlocutory decree *pro confesso* against them and order of reference.

By the fourth section of the act of March 17th, 1870, (*Pamph. L., p.* 41,) it is provided that where, after the commencement of a suit in this court, any person shall acquire an interest in the subject matter of the suit, such as would have required that he should have been made a party if acquired before the commencement of the suit, it shall not be necessary to file a supplemental bill to make such person a party, but he may be made a party on petition; he shall be bound, however, by all orders and proceedings in the cause against the party whose interest he has acquired, and the cause shall not be delayed by his admission, except for such time as it may seem to the Chancellor absolutely necessary for the evidence regarding his claim. The sixth section provides that in such case any person may be made a party, either before or after final or interlocutory decree, but such decree shall not be opened or set aside thereby. The order to show cause granted on the petition in the suit on the second mortgage, is discharged with costs. The subsequent

order restraining the master, to whom the execution in that case was issued, from paying to the complainants the money decreed to be due them therein, is also discharged. The prayer of the petition in the other suit is granted, so far as to admit the petitioner as a defendant, but without leave to answer.